# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT DeSHIELDS, | Civil Action No. 2: 17-cv-0784 |
| Plaintiff, | |
| v. | United States Chief Judge<br>Joy Flowers Conti |
| ROBERT GILMORE, MICHAEL ZAKEN, MARK DIALESANDRO, OFFICER ALBAN, REBEKAH FILITSKY, SHELLY MANKEY, S. LONGSTRETH, and MS. CONGELIO, All sued in their Individual and Official Capacity, | |
| Defendants. | |

## MEMORANDUM OPINION

Conti, Chief District Judge

Plaintiff Robert DeShields ("plaintiff") initiated the instant prisoner civil rights action with the filing of a complaint in the Court of Common Pleas of Greene County on May 19, 2017. (ECF No 1-1). On June 14, 2017, defendants removed the case to this court. (ECF No. 1). The case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Defendants filed a motion to dismiss on June 22, 2017. (ECF No. 3). In response, on November 3, 2017, plaintiff filed an amended complaint, which remains his operative pleading. (ECF No. 14). On November 17, 2017, defendants filed their answer (ECF No. 16) and contemporaneously filed the pending motion for judgment on the pleadings in which they seek judgment on several claims contained within the amended complaint. (ECF No. 17). Specifically, defendants seek to dismiss all claims asserted against them in their official

capacities by reason of Eleventh Amendment immunity and all claims asserted against defendants Gilmore and Filitsky in their individual capacities based on their lack of personal involvement in the underlying alleged unconstitutional conduct. On March 6, 2018, plaintiff filed a brief in opposition to the motion for judgment on the pleadings. (ECF No. 28).

On March 19, 2018, the magistrate judge filed a report recommending that defendants' motion for judgment on the pleadings be granted. (ECF No. 29). A copy of the report and recommendation was sent to plaintiff by First Class United States Mail at his listed address. Plaintiff was granted an extension of time in which to file objections and, thereafter, filed timely objections on May 3, 2018 (ECF No. 32), to which defendants responded in opposition on June 1, 2018. (ECF No. 34). The matter is now ripe for disposition. For the reasons set forth below, the report and recommendation will be adopted, as supplemented, and defendants' motion for judgment on the pleadings will be granted.

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed.R.Civ.P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. In the instant matter, plaintiff makes two objections to the magistrate judge's report and recommendation.

First, plaintiff objects to the recommendation that all claims against the defendants in their official capacities be dismissed. Plaintiff renews his argument that the Eleventh Amendment does not prevent him from suing the defendants in their official capacities. Contrary to what plaintiff argues, it is well established that claims for monetary damages against state officials sued in their official capacities are barred by the Eleventh Amendment. *See Will v.*

*Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Thus, it is clear that all § 1983 claims for monetary damages against the defendants in their <u>official capacities</u> must be dismissed under the principles of sovereign immunity.

With that said however, the Eleventh Amendment does not forbid suing state officials for declaratory or injunctive relief in their official capacities. The magistrate judge recommended that plaintiff's claims for injunctive relief against the defendants in their official capacities be denied as moot as plaintiff has been transferred and is no longer subject to the control of the defendants. Plaintiff objects to this recommendation arguing that he continues to be subjected to a "stigma" because he was labeled a "sex-offender," which has caused plaintiff "some related injury." Obj. at 2. As relief, plaintiff seeks an order from this court requiring,

> defendant Filitsky to remove all entries from Plaintiff's prison records having Plaintiff labeled as a sex offender; and to circulate a letter to Pennsylvania Department of Corrections, Central Office, and SCI Coal Township, that all entries of Plaintiff being a sex offender, and required to take sex offender treatment programs be omitted from the Plaintiff's prison record.

Amended Complaint, at ¶ 4. (ECF No. 14). Plaintiff attached to the complaint a document entitled "Pennsylvania Department of Corrections DC-43 Integrated Correctional Plan" dated December 28, 2015. (ECF No. 1-2, at 18). Plaintiff did not dispute defendants' representation that this document contains the following comment: "Updated having removed SOP."[1] Defs' Br. at 10. (ECF No. 18). The court agrees with the recommendation that the claim for injunctive relief is moot because plaintiff has been transferred to a new facility. The court also finds that

---

[1] The document attached to the complaint is illegible as the notation in the "comments section" is blacked out, but plaintiff did not dispute defendants' representation of what the document states. (ECF No. 1-2 at 18).

the claim is moot for an additional reason; namely, that it is undisputed that the requirement that plaintiff participate in sex offender treatment programs has been withdrawn.

For these reasons, the claims against all the defendants in their official capacities will be denied with prejudice. This ruling does not affect plaintiff's ability to pursue his claims against the defendants in their individual capacities, with the exception of those claims against defendants Gilmore and Filitisky, which the court next addresses.

Plaintiff's second and final objection relates to the recommendation that the individual claims against defendants Gilmore and Filitsky should be dismissed. Plaintiff renews his argument that both Gilmore and Filitsky had personal knowledge and involvement in the alleged constitutional violations and failed to take any corrective action.

As to Gilmore, plaintiff renews his argument that Superintendent Gilmore had personal involvement because Gilmore was notified of the improper recommendation for plaintiff to participate in sex offender treatment programs through his review of plaintiff's grievance appeals and failed to take corrective action. As the report and recommendation explains, to establish personal liability against a defendant in a § 1983 action, that defendant "must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (*citing Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207. The denial of a grievance or mere concurrence in an administrative appeal process is, however, insufficient to establish personal involvement necessary for liability in a § 1983 action. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) ("[A] prison official's secondary

4

review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right.").

Numerous courts have explained that a plaintiff states a claim by alleging that a supervisory defendant reviewed a grievance where the plaintiff alleges an <u>ongoing violation</u> as he is personally involved in that violation because he is confronted with a situation he can directly remedy. *See, e.g., Whitehead v. Rozum*, No. 3:11-102, 2012 WL 4378193, at *2 (W.D.Pa. Aug. 7, 2012) ("In the prison setting, where a grievance alleges an ongoing constitutional violation a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly.") (citations omitted), *report and recommendation adopted by*, 2012 WL 4370929 (W.D.Pa. Sept. 24, 2012).

The limited record before the court indicates that at the time the grievance appeal was reviewed by Gilmore, this was not a situation where a prisoner was grieving an ongoing constitutional violation. Two days prior to Gilmore responding to the grievance appeal, the Program Review Committee had withdrawn the recommendation that plaintiff be required to participate in sex offender programs. (ECF No. 1-2 at 18, ECF No. 16 ¶ 8).[2]

The court agrees with the recommendation that there are no factual allegations from which the court could infer plausibly that Gilmore was personally involved with or participated in the decision to evaluate plaintiff for sex offender treatment or that he was involved with or participated in the Program Review Committee's review which adopted the recommendation that plaintiff participate in sex offender treatment. Further, there are no factual allegations from

---

[2]  The actual grievance, No. 595839, is not a part of the limited record before the court at this time. But from the Appeal Response, it appears that plaintiff had filed a grievance contending that his substantive and procedural due process rights had been violated because he had not been afforded an in-person evaluation prior to the recommendation that he participate in sex offender treatment programs. (ECF No. 1-2, at 37).

5

which the court could infer plausibly that Gilmore knew that the recommendation for sex offender treatment was improper or that it was defamatory. For these reasons, the claims against Gilmore in his individual capacity will be dismissed without prejudice.

Similarly, the court agrees with the recommendation that the claims against Filitsky also should be dismissed. There are no factual allegations from which the court could plausibly infer that Filitsky had any knowledge that the entries placed in plaintiff's prison file were false or incorrect. Accordingly, the claims against Filitsky in her individual capacity also will be dismissed without prejudice.

After *de novo* review of the pleadings and documents in this case, together with the report and recommendation, and the objections and response in opposition thereto, the court finds the largely reiterated arguments contained in DeShields's objections unpersuasive and that the reasons for rejecting those arguments are fully explained in the report and recommendation, as supplemented herein. The court notes that attached to DeShields's objections are exhibits A – D, which are copies of various documents pertaining to an individual named James Hubert, who is not a party to this lawsuit.

An appropriate order will be entered.


Dated: July 23, 2018    BY THE COURT:


/s/ Joy Flowers Conti
Joy Flowers Conti
Chief, United States District Judge

cc:	ROBERT DESHIELDS
CW-5906
SCI Coal Twp
1 Kelly Drive
Coal Township, PA 17866
(via U.S. First Class Mail)

Scott A. Bradley
Office of the Attorney General
(via ECF electronic notification)